UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN LAHERA,

          Plaintiff(s),         CASE NUMBER: 08-11677
                                        HONORABLE VICTORIA A. ROBERTS

v.

THE WALT DISNEY COMPANY,
ABC, INC., USA TODAY, TV GUIDE
MAGAZINE GROUP, INC.,
DETROIT FREE PRESS, DETROIT NEWS,
and GLOBE AMERICAN MEDIA, INC.,

          Defendant(s).
_____/

# ORDER

## I. INTRODUCTION

This matter is before the Court on three motions: (1) Defendants USA Today, TV Guide Magazine Group, Inc., Detroit Free Press, Detroit News, and Globe American Media, Inc.'s "Joint Motion to Dismiss the Complaint" (Doc. #33); (2) Defendant Walt Disney Company's ("Walt Disney") "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction" (Doc. #36); and (3) Defendant American Broadcasting Companies, Inc.'s ("ABC") "Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. #37).

These motions are **GRANTED**.

## II. BACKGROUND

Plaintiff Juan Lahera ("Lahera") wrote two songs: (1) "Dancing with the Stars"; and (2) "Rosana." "Rosana" contains the phrase "dancin' with the stars."

1

On April 18, 2005, Lahera registered "Rosana" with the United States Copyright Office. He did not register his song "Dancing with the Stars."

The television show "Dancing with the Stars" premiered in June 2005. Lahera sent Defendants a certified letter notifying them of copyright infringement.

On April 21, 2008, Lahera filed a Complaint alleging: (1) copyright infringement; (2) unfair competition; and (3) violation of the Lanham Act. He seeks an injunction and over $6 billion in damages.

### III. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Walt Disney is a Delaware corporation. It has an office in California and New York, and is registered to do business in Delaware, New York, and California. Its principal place of business is Burbank, California. Walt Disney indirectly owns ABC through four intervening corporations, but it does not: (1) have an office in Michigan; (2) maintain employees in Michigan; (3) have an appointed agent for service of process in Michigan; (4) own real property in Michigan; (5) maintain a telephone listing in Michigan; or (6) maintain a bank account in Michigan.

Walt Disney asks the Court to dismiss Lahera's Complaint for lack of personal jurisdiction; it says it does not have sufficient minimum contacts with Michigan.

In a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), Lahera bears the burden to establish personal jurisdiction. *See Int'l Technologies Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) (citing *Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). If the Court does not conduct an evidentiary hearing, Lahera can meet his burden with a *prima facie*

showing. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (citation omitted). However, "in the face of a properly supported motion for dismissal, [Lahera] may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)).

Lahera did not meet his burden. Neither the Complaint nor his brief in opposition to Walt Disney's motion contains specific facts to show the Court has personal jurisdiction over Walt Disney.

Lahera's Complaint against Walt Disney is dismissed.

**IV.    MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM**

When reviewing a Fed. R. Civ. P. 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because a Fed. R. Civ. P. 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses." *Miller*, 50 F.3d at 377 (citing *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)). However, while this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Rather, the complaint must contain either direct or inferential allegations

respecting all the material elements to sustain a recovery under some viable legal theory.  *DeLorean*, 991 F.2d at 1240 (citations omitted).

> A.  **Copyright Infringement**

Lahera does not present evidence that Defendants directly copied the phrase "Dancing with the Stars" from "Rosana"; he attempts to establish an inference of copying.

To succeed on his copyright infringement claim, Lahera must show: (1) Defendants had access to the allegedly-infringed work; and (2) a substantial similarity between the two works.  *See Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999) (citations omitted).

Lahera's claim fails on both prongs.  First, "[a]ccess is essentially 'hearing or having a reasonable opportunity to hear [Lahera's] work and thus having the opportunity to copy.'"  *Id.* (quoting *Tree Publ'g Co. v. Warner Bros. Records*, 785 F.Supp. 1272, 1274 (M.D. Tenn. 1991)).  There is no evidence that Defendants heard "Rosana" nor is there evidence that Defendants had a reasonable opportunity to hear "Rosana."  Lahera: (1) wrote the song while housed in a federal prison; and (2) does not provide evidence that the song was publicly released.  Although he says "Rosana" was publicly available through the United States Copyright office, Defendants present a letter from that office indicating it was unable to locate "Rosana."

Even assuming Defendants had access to "Rosana," however, they still would not be liable for copyright infringement.  "[T]aking a single word, or even a phrase, from a copyrighted work generally does not violate the rights that copyright law provides to the owner of that work."  *Bird v. Parsons*, 289 F.3d 865, 881 (6th Cir. 2002) (citing *CMM*

*Cable Rep, Inc. v. Ocean Coast Props., Inc.*, 97 F.3d 1504, 1519-20 (1st Cir. 1996); *Arica Institute, Inc. v. Palmer*, 970 F.2d 1067, 1072-73 (2nd Cir. 1992)).

Second, "Dancing with the Stars" is the name of a television show; "Rosana" is a musical composition. There is no similarity between the two works.

### B. Lanham Act

"The Lanham Act was intended to make 'actionable the deceptive and misleading use of [trade]marks,' and 'to protect persons engaged in . . . commerce against unfair competition.'" *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28-29 (2003) (quoting 15 U.S.C. §1127).

"A musical composition . . . cannot be protected as its own trademark under the Lanham Act." *The Romantics v. Activision Publ'g, Inc.*, 532 F.Supp.2d 884, 889 (E.D. Mich. 2008) (citing *Butler v. Target Corp.*, 323 F.Supp.2d 1052, 1059 (C.D. Cal. 2004)).

Lahera's claims for unfair competition under the Lanham Act and a violation of the Lanham Act fail.

## V. CONCLUSION

Defendants' motions to dismiss are **GRANTED**.

**IT IS ORDERED**.

                                                       S/Victoria A. Roberts  
                                                       Victoria A. Roberts  
Dated: August 22, 2008                United States District Judge

The undersigned certifies that a copy of this document was served on the attorneys of record and Juan Lahera by electronic means or U.S. Mail on August 22, 2008.

s/Carol A. Pinegar
Deputy Clerk